JUSTICE LEAPHART,
dissenting.
I respectfully dissent. The Court has concluded that, since Torres filed and settled a claim under the Occupational Disease Act, any further tort claim is precluded by the exclusivity provisions of Section 39-72-305(1), MCA. Section 39-72-305(1), MCA, provides as follows:
The right to recover compensation pursuant to the provisions of this chapter for occupational diseases sustained by an employee and arising out of and in the course of employment, whether resulting in death or not, is the exclusive remedy therefor against the employer who is properly insured under the Workers’ Compensation Act and the Occupational Disease Act of Montana. [Emphasis added.]
In my view, the Court has ignored the fact that both Torres and the University wear more than one hat. In the context of her occupational disease claim, Torres was wearing the hat of an employee asserting a claim against her employer, Montana State University (MSU). In the context of her present tort claim, she wears the hat of a student asserting a claim against her educational institution. Section 39-72-305(1), MCA, by its own terms, provides an employee with an “exclusive remedy therefor against the employer.” As we acknowledged in Ridenour v. Equity Supply Co. (1983), 204 Mont. 473, 478, 665 P.2d 783, 786, “[t]he legislature only intended that an employee not have a common law action against his employer.” Having settled her occupational disease claim, Torres, as employee, is clearly precluded *90 from asserting any further claims against MSU in its capacity as her employer. The statute does not, however, preclude Torres, in her role as student, from asserting a claim against MSU as her educational institution.
Torres should be given the opportunity, difficult as it may be, to present whatever evidence she can marshall to prove that she was exposed to toxic chemicals while acting as a student as opposed to her exposure during the course of her employment. She would also have the task of apportioning the damages resulting from these two distinct chemical exposures. As daunting as this burden may be, it is a matter of proof which should not be foreclosed by summary judgment.
The fact that Torres previously claimed she was exposed to chemicals during the course of her employment is not inconsistent with her present contention that she was also exposed while a student, outside the scope of her employment. The fact that the law provides that her occupational disease remedy is exclusive as against her employer does not foreclose a claim against non-employers, such as her educational institution.
I would reverse the entry of summary judgment and allow Torres to proceed to trial.
JUSTICE HUNT joins in the foregoing dissent of JUSTICE LEAPHART.